**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KENDRA DRONE-NORTH**                                                                                      **PLAINTIFF**

**VS.**                                          **CASE NO. 4:24-CV-405**

**ARKANSAS BUREAU OF
LEGISLATIVE RESEARCH**                                                                                 **DEFENDANT**

<u>**AMENDED ANSWER**</u>

Comes the Defendant Bureau of Legislative Research ("BLR"), by and through its attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Carl F. "Trey" Cooper, III, and for its Amended Answer to Plaintiff's Complaint, states:

1. Paragraph 1 of Plaintiff's Complaint does not appear to contain any allegations that require a response from BLR.  To the extent, paragraph 1 of Plaintiff's Complaint does contain allegations that require a response from BLR, the allegations are denied.

2. BLR denies that any unlawful employment practices were committed against the Plaintiff.

3. BLR admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. BLR admits that it is an agency of the State of Arkansas. BLR states that Ark. Code Ann. § 10-3-303 speaks for itself. BLR denies any remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. BLR admits that the current Director of BLR is Marty Garrity, a Hispanic female. BLR states that Ark. Code Ann. § 10-3-303 speaks for itself.  BLR denies any remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. BLR states that 42 U.S.C. § 2000e speaks for itself.  BLR denies any remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. BLR admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. BLR denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. BLR denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. BLR admits that at times Plaintiff was rated as an exemplary employee described by her superiors as being hardworking, professional, and knowledgeable. BLR states that this was not the case "throughout her employment history" with BLR. Plaintiff received disciplinary action during her time as an employee, including the incident that led to her termination.

11. BLR lacks sufficient knowledge regarding the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore, they are denied.

12. BLR admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. BLR admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. BLR admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. BLR does not know what Plaintiff means by "general research." Therefore, BLR denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. BLR admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. BLR admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. BLR lacks sufficient knowledge regarding the allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore, they are denied.

19. BLR admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. BLR denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. BLR admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. BLR admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. BLR admits that throughout her time at BLR, Plaintiff applied for several promotions. BLR denies that Plaintiff was "passed over by less qualified white applicants." BLR denies any remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24. BLR admits that Plaintiff applied for an Administrative Assistant to the Administrator position on September 15, 2015. BLR admits that Judy Steelman was given the position because she was more experienced and qualified than Plaintiff. BLR denies any remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. BLR admits that Plaintiff applied for an Administrative Assistant to the Administrator position in July 2016. BLR admits that Shonna Amos, an African-American female, was given the position. BLR denies any remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. BLR admits that Plaintiff applied for a Legislative Analyst position in August 2018. BLR admits that a white male was hired and an African-American female was hired to fill the open positions. BLR denies any remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27. BLR denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. BLR denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. BLR denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. BLR denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. BLR admits the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. BLR admits the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. BLR denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. BLR admits that Plaintiff's grade titles changed and she was placed in an Administrative Assistant II position in June or July 2017. BLR denies Plaintiff did not receive any pay increase. BLR denies any remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. BLR admits that Gina Seaton and Wanda Manees received the same pay increase as Plaintiff. BLR denies any remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36. BLR admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. BLR denies that Director Garrity did not have an answer for Plaintiff's inquiry about a pay raise. BLR states that Director Garrity informed Plaintiff that she received a 1% pay increase and that Plaintiff should continue applying for positions. BLR denies any remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38. BLR admits that Plaintiff mentioned that two white employees received pay increases along with increases in pay grade. BLR denies that Director Garrity was offended. BLR denies any remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39. BLR admits the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. BLR denies Plaintiff was already performing the job duties of the Assistant Administrator position. BLR admits that Judy Steelman was promoted to the Assistant Administrator position. BLR denies any remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41. BLR denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. BLR admits that Plaintiff submitted a complaint of discrimination in February 2023. BLR denies any remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43. BLR admits that Carolyn Witherspoon of Cross, Gunther, Witherspoon & Galchus was hired to conduct an investigation of Plaintiff's complaint of discrimination. BLR denies any remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44. BLR denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. BLR admits the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. BLR admits the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. BLR admits that the Executive Subcommittee of Legislative Council affirmed the findings of the investigator following Plaintiff's appeal of the investigation findings. As a result, BLR moved forward based on the finding and determination of the Executive Subcommittee of Legislative Council. BLR denies any remaining allegations contained in paragraph 47 of Plaintiff's Complaint.

48. BLR admits that Plaintiff was terminated on May 9, 2023, for recording a meeting, making false allegations, not cooperating with the investigation, and for bullying her supervisor in violation of the Policy Manual. BLR denies any remaining allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Paragraph 49 of Plaintiff's Complaint does not appear to contain any factual allegations that require a response from BLR. To the extent paragraph 49 of Plaintiff's Complaint does contain factual allegations that require a response, the allegations are denied.

50. BLR denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. BLR denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. BLR denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. BLR denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. BLR denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Paragraph 55 of Plaintiff's Complaint does not appear to contain any factual allegations that require a response from BLR. To the extent paragraph 55 of Plaintiff's Complaint does contain factual allegations that require a response, the allegations are denied.

56. BLR admits that Plaintiff filed a complaint alleging discrimination with BLR's human resources department. BLR denies any remaining allegations contained in paragraph 56 of Plaintiff's Complaint.

57. BLR admits that Carolyn Witherspoon of Cross, Gunther, Witherspoon & Galchus was hired to conduct an investigation of Plaintiff's complaint of discrimination. BLR denies any remaining allegations contained in paragraph 57 of Plaintiff's Complaint.

58. BLR denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. BLR admits that Carolyn Witherspoon found that Plaintiff's discrimination complaint did not have merit. BLR denies any remaining allegations contained in paragraph 59 of Plaintiff's Complaint.

60. BLR admits the Executive Subcommittee of Legislative Council affirmed the findings of Carolyn Witherspoon. BLR denies any remaining allegations contained in paragraph 60 of Plaintiff's Complaint.

61. BLR denies that Abtin Mehdizadegan was hired by BLR to defend against Plaintiff's claim during the grievance hearing. BLR admits that Abtin Mehdizadegan was retained on a neutral and impartial basis to advise and assist the Executive Subcommittee of Legislative Council with the process of the appeal. Abtin Mehdizadegan did not advise or assist BLR in any way. BLR denies any remaining allegations contained in paragraph 61 of Plaintiff's Complaint.

62. BLR denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Paragraph 63 of Plaintiff's Complaint does not appear to contain any factual allegations that require a response from BLR. To the extent paragraph 63 of Plaintiff's Complaint does contain factual allegations that require a response, the allegations are denied.

64. BLR states that Exhibit A attached to Plaintiff's Complaint speaks for itself. BLR denies any remaining allegations contained in paragraph 64 of Plaintiff's Complaint.

65. BLR states that Exhibit B attached to Plaintiff's Complaint speaks for itself. BLR denies any remaining allegations contained in paragraph 65 of Plaintiff's Complaint.

66. BLR states that Exhibit C attached to Plaintiff's Complaint speaks for itself. BLR denies any remaining allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Paragraph 67 of Plaintiff's Complaint does not appear to contain any factual allegations that require a response from BLR. To the extent paragraph 67 of Plaintiff's Complaint does contain factual allegations that require a response, the allegations are denied.

68. BLR denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. BLR denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. BLR denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. Paragraph 71 of Plaintiff's Complaint does not appear to contain any factual allegations that require a response from BLR. To the extent paragraph 71 of Plaintiff's Complaint does contain factual allegations that require a response, the allegations are denied.

72. BLR denies any allegations contained in Plaintiff's "THEREFORE" paragraph.

73. BLR denies any and all allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

74. BLR asserts that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

75. BLR asserts the following affirmative defenses:

   a. Failure to exhaust administrative remedies;

   b. Sovereign and qualified immunity;

   c. Failure to state a claim upon which relief can be granted;

   d. Issue or claim preclusion;

   e. Statute of limitations;

   f. Lack of jurisdiction;

   g. No liability under respondeat superior;

   h. Failure to mitigate damages;

   i. Punitive damages prohibited by the U.S. and Arkansas Constitutions;

   j. Lack of standing;

   k. Justification;

   l. Waiver; and

   m. Failure to join an indispensable party

76. BLR asserts that Plaintiff has not been deprived of any right or interest protected by the United States Constitution, the Arkansas Constitution, federal or state statutes, or common law.

77. BLR asserts that Plaintiff's Complaint fails to state facts upon which attorney's fees or costs can be awarded.

78. BLR asserts that Plaintiff's claims for damages and/or attorney's fees are barred by sovereign immunity, statutory immunity, and/or qualified immunity.

79. BLR asserts that the employment decisions with regard to Plaintiff were based on nondiscriminatory reasons and that the business-judgment rule applies.

80. BLR asserts that Plaintiff is not entitled to the damages and other relief requested.

81. BLR reserves the right to assert additional affirmative defenses and/or amend its Answer pending further investigation of this matter.

WHEREFORE, Defendant Bureau of Legislative Research respectfully requests that the Court dismiss Plaintiff's Complaint, and for all other just and property relief to which it may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General

Carl F. "Trey" Cooper, III
Ark Bar No. 2007294
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:     (501) 682-2591
Email:  trey.cooper@arkansasag.gov

*Attorneys for Defendant,*
*Bureau of Legislative Research*