IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KENDRA DRONE-NORTH                                          PLAINTIFF

VS.                          CASE NO. 4:24-CV-00405 LPR

ARKANSAS BUREAU OF LEGISLATIVE RESEARCH              DEFENDANT

**PROPOSED** AMENDED COMPLAINT

Introduction

   This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff **Kendra Drone-North** has been subjected to on account of her race and in retaliation for having complained about discriminatory treatment. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.

Jurisdiction

   1.    Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

   2.    The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

1

EXHIBIT

A

## II.

### Parties

3. The plaintiff Kendra Drone-North is an African American female, and is a resident of the United States of America.

4. The Defendant Arkansas Bureau of Legislative Research, is an agency of the State of Arkansas, and pursuant to Ark. Code Ann. § 10-3-303(a), "[t]here is established under the direction and control of the Legislative Council a Bureau of Legislative Research which shall consist of a director to be selected by the Legislative Council and other assistants as may be provided by legislative appropriation." Also, pursuant to Ark. Code Ann. § 10-3-303(c), "[i]t shall be the duty of the bureau acting under the direction of the director to: (1) Make studies and investigations, upon direction of the Legislative Council, and secure factual information, prepare reports, and draft legislation as may be required by the Legislative Council or any of its subcommittees."

5. The current director of the Arkansas Bureau of Legislative Research is Marty Garrity, who is a Caucasian/Hispanic female. Pursuant to Ark. Code Ann. § 10-3-303, "[t]he director of the Bureau of Legislative Research shall be the Executive Secretary to the Legislative Council and shall attend all of its meetings and keep official records of all Legislative Council proceedings."

6. The defendant Arkansas Bureau of Legislative Research is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

## III.
### Facts

7. The plaintiff was hired by the Arkansas Bureau of Legislative Research (ABLR) on November 20, 2006.

2

8.    Ms. Kendra Drone-North is employed by the ABLR as an Administrative Assistant II for the House and Judiciary Committees.

9    Ms. Drone-North's supervisor is Sheri Thomas, who is a Caucasian female employee for the ABLR.

10.    Throughout Ms. Kendra Drone-North's employment history with the defendant, she has been rated as an exemplary employee, often described by her superiors as being a hardworking, professional, and knowledgeable employee for the ABLR.

11.    Ms. Drone-North received her bachelor's degree from the University of Arkansas at Little Rock.

12.    When Ms. Drone-North was hired by the ABLR, she was hired as an Administrative Assistant I.

13.    Ms. Drone-North's job duties mainly consisted of preparing for committee meetings and to maintain accurate records of those meetings.

14.    Ms. Drone-North also provided administrative and clerical support to supervisory and professional staff in the section.

15.    Ms. Drone-North also provided assistance to the Legislative Analysts with general research.

16.    Sheri Thomas is a Caucasian female who was hired by the ABLR as a temporary employee in or about December 2006.

17.    After the 2007 Legislative session ended, Ms. Thomas was then hired as a Legislative Administrative Assistant.

18.    Upon information and belief, Sheri Thomas developed a personal and close relationship with Senator Steve Farris after her initial hire.

19. Later Ms. Thomas was promoted to the position of Legislative Analyst.

20. Ms. Drone-North was given the responsibility to provide training for Sheri Thomas, along with another black female by the name of LaTosha Scott.

21. Sheri Thomas was hired by the ABLR as a full-time employee on April 16, 2007 as a Legislative Administration Assistant.

22. Estella Smith is an African American female, who worked as the Assistant Director for the ABLR, working under Ms. Garrity.   Ms. Smith served as the plaintiff's second line supervisor.

23. Throughout the plaintiff's career, she has applied for several promotions, only to be passed over by lesser qualified white applicants.

24. On September 15, 2015, the plaintiff applied for an Administrative Assistant to the Administrator position, a white female by the name of Judy Steelman was promoted into that position.

25. On July 21, 2016 the plaintiff applied for an Administrative Assistant to Administrator position; however, the defendant promoted a younger white female to that position.

26. On August 22, 2018, the plaintiff applied for a Legislative Analyst position, but the defendant promoted a younger white female into that position.

27. Also, in August 2019, there two (2) more Legislative Analyst positions, that the plaintiff applied for, but the defendant selected two (2) younger white female employees who were less qualified than the plaintiff.

28. The plaintiff also applied for a Legislative Analyst position in December 2019, but the defendant again selected a younger white female, over the plaintiff who was more qualified than the person selected.

4

29.    The plaintiff also applied for the Legislative Analyst positions again in November 2022 and on December 19, 2022, again the defendant selected a white female and a white male, who were both less qualified than the plaintiff.

30.    The plaintiff was often tasked with the responsibility to provide training for the Legislative Analysts who were hired over her.

31.    On or about September 3, 2019, Estella Smith was moved from her administrator position to the position of Assistant Director.

32.    On October 3, 2019, Sheri Thomas was moved into the administrator position that had been vacated by Ms. Smith.

33.    Ms. Smith retired from her position as Assistant Administrator on December 31, 2021, which resulted in Ms. Thomas becoming the plaintiff's supervisor.

34.    Sometime in either June or July 2017, the plaintiff was promoted to the job title of Administrative Assistant II; however, she did not receive any type of pay increase.

35.    However, during this same time period, two white females by the name of Gina Seaton and Wanda Maness, received pay increases along with their title change, and a pay grade change.

36.    Ms. Drone-North spoke with then Assistant Director Richard Wilson, a Caucasian male, about why she did not receive a pay increase along with her grade increase; however, Mr. Wilson did not have a specific answer, and he told her to speak with Director Marty Garrity.

37.    Director Garrity did not have an answer for Ms. Drone-North's inquiry about not getting a pay increase, she just simply told her that Ms. Drone-North needed to keep applying for positions.

38.     Ms. Drone-North mentioned the fact that two (2) white employees had gotten their pay increases along with their increase in pay grade, which offended Ms. Garrity.

39.     Ms. Drone-North had also applied for the Assistant Administrator's position to Ms. Estella Smith.

40.     Despite the fact that Ms. Drone-North was already performing the job duties of the Assistant Administrator's position, Ms. Garrity decided to promote a white female by the name of Judy Steelman, to the position.

41.     Despite the fact that Ms. Steelman had missed the deadline to apply for the Assistant Administrator's position, she was still allowed to apply for the position, and was awarded the position over the plaintiff.

42.     After the plaintiff was passed over for the Legislative Analyst position in December 2022, she filed a complaint of discrimination, which she filed on or about February 17, 2023.

43.     The defendant hired the defense firm of Cross, Gunther, Witherspoon & Galchus to investigate the plaintiff's complaint of discrimination.

44.     However, rather than truly investigating the plaintiff's complaint of discrimination, Carolyn Witherspoon looked for ways to nullify the plaintiff's complaint.

45.     On March 29, 2023, Ms. Witherspoon issued a report finding that the plaintiff's complaint did not have merit.   This investigative report was adopted by the defendant.

46.     The plaintiff filed an appeal on March 31, 2023 of the investigative report issued by Carolyn Witherspoon.

47.     On May 8, 2023, the Bureau of Legislative Research adopted to affirm the findings of Carolyn Witherspoon.

48.     The plaintiff was terminated from her place of employment with the defendant on May 9, 2023.

IV.
Disparate Treatment

49.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48, supra., inclusive as though set forth herein word for word.

50.     During the part of the plaintiff's tenure with the defendant, she has been subjected to varied terms and conditions of her employment with the defendant based on her race, in violation Title VII of the Civil Rights Act of 1964 (as amended).

51.     The plaintiff has been consistently passed over for promotions to the position of Legislative Analyst based on her race, when the defendant has consistently chosen to hire/promote less qualified white applicants in violation Title VII of the Civil Rights Act of 1964 (as amended).

52.     Despite the fact that the plaintiff's qualifications exceeded the qualifications of the white applicants who have been chosen for the Legislative Analyst positions for which the plaintiff has applied, the defendant has constantly promoted/hired these less qualified applicants in violation of the plaintiff's rights as governed by Title VII of the Civil Rights Act of 1964 (as amended).

53.     Furthermore, the plaintiff has been paid consistently less than her white counterparts in violation of the plaintiff's rights as governed by Title VII of the Civil Rights Act of 1964 (as amended).

54.     Also, the plaintiff has been discriminated against based on her race, when she was terminated from her place of employment with the defendant in violation of her rights as governed by Title VII of the Civil Rights Act of 1964 (as amended).

V.
Retaliation

55.    The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 54, supra., inclusive as though set forth herein word for word.

56.    When the plaintiff was again passed over for the Legislative Analyst position in November and December 2022, on February 17, 2023, she filed a grievance with the defendant's department of human resources.

57.    The defendant hired the law firm of Cross, Gunter, Witherspoon & Galchus, P.C., which is a defense firm that specializes in defending companies from claims of race and sex discrimination.

58.    When the plaintiff was told that she had to "cooperate" with the investigation into her complaints of discrimination or be subject to termination, she reluctantly allowed herself to be interrogated by Carolyn Witherspoon, who was simply looking for ways to dispel the plaintiff's claims.

59.    As expected, Carolyn Witherspoon found that the plaintiff's claims of discrimination had no merit, and on March 29, 2023 ruled in favor of the defendant.

60.    On May 8, 2023, the Executive Subcommittee of the Arkansas Bureau of Legislative Research adopted the findings of Carolyn Witherspoon.

61    The defendant then hired the defense firm of Hall, Booth, Smith, P.C., and had Abtin Mehdizadegan to defend against the plaintiff's claim during the grievance hearing, which was held on May 8, 2023.

62.    On May 9, 2023, the defendant retaliated against the plaintiff by terminating the plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964 (as amended).

63.    Furthermore, the defendant retaliated against the plaintiff by denying her promotional opportunities to the legislative analyst positions, for which she applied, and was qualified, due to the plaintiff complaining about discriminatory treatment, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

VI.
Procedural Requirement

64.    The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 63, supra., inclusive as though set forth herein word for word.

65.    On May 2, 2023, the plaintiff filed a Charge of Discrimination (Charge No. 493-2023-00984) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, due to *inter alia*, her race. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

66.    On May 24, 2023, the plaintiff filed an Amended Charge of Discrimination (Charge No. 493-2023-00984) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, due to *inter alia*, her race and in retaliation for having complained about discriminatory treatment. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "B"**).

67.    In response to the Plaintiff's Charge of Discrimination that he filed with the EEOC, said agency issued him a "Dismissal and Notice of Rights" letter dated February 19, 2020, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "C"**).

9

## VII.
### Damages

68.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 67, supra., inclusive as though set forth herein word for word.

69.     Due to the discriminatory treatment that the plaintiff has been subjected to the plaintiff has suffered loss income and wages in an amount to be proven at the trial of this matter.

70.     Furthermore, as a direct and proximate cause of the discriminatory treatment, the plaintiff has suffered emotionally and has experienced pain and suffering, as well as humiliation.

71.     Due to the retaliatory treatment that the plaintiff has suffered, she has experienced loss wages, mental anguish, pain and suffering and humiliation.

### JURY DEMAND

72.     The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a.     declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.     reinstatement and back pay;

c.     compensatory damages;

d.     the cost of prosecuting this action;

e.     attorney's fees;

f.     and for all other just, equitable, and legal relief.


Respectfully submitted,

PORTER LAW FIRM

10

The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
      Austin Porter Jr., No. 86145


## CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas – Central Division, on this 24th day of June 2026, using the CM/ECF system, which is designed to send notification of such filing to the following:

Carl F. "Trey" Cooper III.
Senior Assistant Attorney General
Office of the Attorney General
Bob R. Brooks Justice Building
101 West Capitol Avenue
Little Rock, Arkansas 72201

Email: trey.cooper@arkansasag.gov

                       Austin Porter Jr.

11

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA<br>_X_ EEOC | 493-2023-00984 |

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Kendra Drone-North | Home Phone (Incl. Area Code)<br>501-398-9094 | Date of Birth<br>11/6/1971 |
|---|---|---|
| Street Address<br>106 Overland Trail | City, State and ZIP Code<br>Jacksonville, AR 72076    Email: kendradrone.kd@gmail.com | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Arkansas Bureau of Legislative Research | No. Employees, Members<br>200+ | Phone No. (Include Area Code)<br>501-682-1937 |
|---|---|---|
| Street Address<br>1 Capitol Mall | City, State and ZIP Code<br>Little Rock, AR 72201 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) K.N. | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| _X_ RACE  _X_ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN<br><br>_X_ RETALIATION  _X_ AGE  __ DISABILITY  __ OTHER (Specify below.) | Earliest      Latest  K.N.<br>2022        5/9/23 K.N.<br><br>__ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):  K.N.

I have worked for the Arkansas Bureau of Legislative Research since 2006. My last title was Administrative Assistant II for the House and Judiciary Committees and various other committees. During my employment, I have been discriminated against on the basis of my race, which is African American, and my age, which is 51, and in retaliation for prior complaints I have made to my employer.

Since 2015, I applied for seven different positions, mainly as a legislative analyst. My employer failed to promote me to these positions. Instead, they hired younger white employees with less experience than me. The last position I applied for was a legislative analyst position, which was filled by a white female in November 2022. The same application pool was used for a separate legislative analyst position, which was not advertised. I was not interviewed for this second position and my employer hired a white male on December 19, 2022. The white individuals who were hired for the positions I applied for have been placed in higher pay grades, meaning they earn or have the capacity to earn a larger salary than me, even though I have worked for the state for a longer period. (Ex: My pay grade is GS06. The white female and white male who were hired or promoted to the Legislative Analysts positions in November 2022 and December 2022 are GS09, which is a higher salary band.) The failure to promote me to a legislative analyst position was based on racial discrimination, age discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination Act of 1967.  K.N.

I was terminated ~~May 9, 2023~~, as the result of the ongoing racial and age discrimination, and retaliation, that I experienced during my employment. This included my managers placing fabricated inaccurate documents in my personnel file because I reported discrimination and harassment. Because I was not informed when my managers placed these documents in my file, I was not able to rebut them because I did not know they existed. As a result of false statements by my managers, I was wrongfully terminated on May 9, 2023, in violation of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|

PLAINTIFF'S EXHIBIT
A

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| May 24, 2023 | SIGNATURE OF COMPLANANT |
| Kendra North (May 24, 2023 16:40 CDT) | |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | 493-2023-00984 |

_____ and EEOC

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Kendra Drone-North | Home Phone (Incl. Area Code)<br>501-398-9094 | Date of Birth<br>11/6/1971 |
|---|---|---|
| Street Address<br>106 Overland Trl | City, State and ZIP Code<br>Jacksonville, AR 72076 | Email: kendradrone.kd@gmail.com |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Arkansas Bureau of Legislative Research | No. Employees, Members<br>200+ | Phone No. (Include Area Code)<br>501-682-1937 |
|---|---|---|
| Street Address<br>1 Capitol Mall | City, State and ZIP Code<br>Little Rock, AR 72201 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

_X_ RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN

_X_ RETALIATION  _X_ AGE  __ DISABILITY  __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2022    Latest:

_X_ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I have worked for the Arkansas Bureau of Legislative Research since 2006. Currently, I am an Administrative Assistant for the House and Senate Judiciary Committees. During my employment, I have been discriminated against on the basis of my race, which is African American, and my age, which is 51, and in retaliation for prior complaints I have made to my employer.

Since 2015, I have applied for seven different positions, mainly as a legislative analyst. My employer has failed to promote me to these positions. Instead, they have hired younger white employees with less experience than me. The last position I applied for was a legislative analyst position, which was filled by a white female in November 2022. The same application pool was used for a separate legislative analyst position, which was not advertised. I was not interviewed for this second position and my employer hired a white male on December 19, 2022. The white individuals who were hired for the positions I applied for have been placed in higher pay grades, meaning they earn or have the capacity to earn a larger salary than me, even though I have worked for the state for a longer period. (Ex: My pay grade is GS06. The white female and white male who were hired or promoted to the Legislative Analysts positions in November 2022 and December 2022 are GS09, which is a higher salary band.) The failure to promote me to a legislative analyst position is based on racial discrimination, age discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>May 2, 2023<br>Kendra North (May 2, 2023 11:41 CDT)<br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

PLAINTIFF'S EXHIBIT

B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/07/2024

**To:** Mrs. Kendra S. Drone-North
106 Overland Trail
Jacksonville, AR 72076
Charge No: 493-2023-00984

EEOC Representative and email:          Margie Myers
                                        Investigator
                                        Margie.myers@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2023-00984.

On behalf of the Commission,

Digitally Signed By:William A Cash
02/07/2024
William A Cash
Area Office Director

Cc:
Jillian Thayer
Bureau of Legislative Research
500 Woodlane St, Ste 315
Little Rock, AR 72201

Please retain this notice for your records.

**PLAINTIFF'S EXHIBIT**

**C**