**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KENDRA DRONE-NORTH**                                                                 **PLAINTIFF**

**V.**                                    **CASE NO. 4:24-cv-00405-LPR**

**ARKANSAS BUREAU OF
LEGISLATIVE RESEARCH**                                                        **DEFENDANT**

### RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT

Plaintiff's Motion for Leave to Amend should be denied. She cannot meet Rule 16(b)'s good-cause standard. Plaintiff seeks to add a new retaliation theory—denial of promotion to Legislative Analyst—over a year after the June 12, 2025 amendment deadline, after dispositive motions, and only after a hearing on Defendant's summary judgment motion. The Complaint alleges retaliation only as to termination, not failure to promote. Doc. 42 at 7, 12 n.2.

That ends the matter under Rule 16(b). After the scheduling-order deadline, the good-cause standard applies—not Rule 15(a)'s liberal standard. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). The "primary measure" of good cause is the movant's diligence. *Sherman*, 532 F.3d at 716. Plaintiff cannot make that showing. The failure-to-promote facts were known from the start and pleaded as race discrimination. The "smoking gun" note was disclosed in discovery before the amendment deadline. Plaintiff discussed the note at her October 7, 2025 deposition but waited until June 2026 to seek amendment. Doc. 42 at 8, 12 n.2.

Paragraph 33 of Defendant's Statement of Undisputed Material Facts does not show BLR treated the Complaint as alleging retaliatory denial of promotion. It addresses the nondiscriminatory reason Director Garrity would not promote North and compares that reasoning

across employees of different races. This responds to the pleaded race-discrimination claim, not retaliation. Plaintiff cannot amend her Complaint through summary-judgment argument. Defendant was entitled to rely on the claims actually pleaded. *InfoDeli, LLC v. W. Robidoux, Inc.*, 136 F.4th 792, 801 n.6 (8th Cir. 2025).

Plaintiff's Motion to Amend should be denied.

## BACKGROUND

Plaintiff filed this case on May 7, 2024. The Complaint alleges race discrimination, including failure to promote, and retaliation based on termination. Doc. 1. The Complaint does not allege retaliatory denial of promotion. Plaintiff's counsel admitted this at the June 16, 2026 summary-judgment hearing. Doc. 42 at 7.

The Court set June 12, 2025 as the deadline to amend pleadings and October 13, 2025 for other motions. Plaintiff did not move to amend by either deadline or after her October 7, 2025 deposition. She waited until the June 16, 2026 summary-judgment hearing and filed the pending motion on June 24, 2026. Doc. 42 at 7, 13.

Plaintiff's basis for amendment is a note she says she "came across" concerning Director Garrity and promotion to an analyst position. Doc. 42 at 8. But the note was disclosed in discovery before the amendment deadline. Initial disclosures were made January 15, 2025; documents were produced September 17, 2025. The note is not newly discovered evidence. Plaintiff's own motion admits the note was found before her October 7, 2025 deposition and that counsel "just assumed" the Complaint already included the retaliation theory. Doc. 42 at 12 n.2.

Plaintiff cannot show good cause under Rule 16(b):

• The failure-to-promote facts were known before the original complaint.

• The retaliatory failure to promote allegation was included in Plaintiff's EEOC Charge.

• No new law, fact, or changed circumstance arose after the deadline to justify amendment.

2

## Standard

**Rule 16(b) controls.**

Rule 16(b)(4) allows modification of a scheduling order only for good cause and with the judge's consent. The Eighth Circuit requires a party seeking amendment after the scheduling order to show good cause. *Sherman*, 532 F.3d at 716 (*quoting Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)); *see also Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). Rule 16(b)'s good-cause standard "governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman*, 532 F.3d at 716. Its application "is not optional." *Id*.

The Rule 16 inquiry focuses "in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id*. at 717. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716. If the movant was not diligent, courts do not consider prejudice. *Hartis*, 694 F.3d at 948. And where there has been "no change in the law, no newly discovered facts, or any other changed circumstance" after the amendment deadline, the movant fails to show good cause. *Id*. (*quoting Sherman*, 532 F.3d at 718); *see also Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 609–10 (8th Cir. 2024).

**Rule 15(a) does not give Plaintiff an absolute right to amend.**

Even if Rule 16(b) were satisfied, Rule 15(a) would not require amendment. Parties "do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman*, 532 F.3d at 715. A court may deny leave for undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Id*.; *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). Late amendments asserting new theories

are disfavored where they impose new discovery needs or disrupt a pending dispositive motion posture. *Popoalii*, 512 F.3d at 497; *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034–35 (8th Cir. 2017).

## ARGUMENT

Plaintiff's attempt to add a failure-to-promote retaliation claim should be denied because: (1) Plaintiff cannot establish Rule 16(b) good cause where she lacked diligence—the motion comes a year after the amendment deadline of June 12, 2025, and after summary-judgment briefing and argument concluded in June 2026, with no post-deadline change in law or new facts, the pertinent note was produced pre-deadline, and a mistaken pleading assumption is not diligence; (2) Paragraph 33 of Defendant's SUMF addresses the pleaded race-discrimination failure-to-promote theory and Defendant's legitimate, nondiscriminatory reasons and comparator evidence, not retaliation; (3) A party cannot add a new claim through summary-judgment briefing or at the hearing; (4) Rule 15(b) does not apply at summary judgment and there was no express or implied consent to try a retaliation theory; (5) Even under Rule 15(a), undue delay and prejudice independently warrant denial; and (6) alternatively, if any amendment is allowed, it should be conditioned on a proposed amended complaint identifying the protected activity, adverse decisions, decisionmakers, and causation, limited reopened discovery, a supplemental dispositive-motion opportunity, and a reset of case deadlines.

## I.    Plaintiff cannot show good cause under Rule 16(b).

Plaintiff's motion is untimely under every operative deadline. The deadline to amend pleadings was June 12, 2025. Doc. 42 at 7. The deadline for all motions, other than motions in limine, was October 13, 2025. *Id*. Plaintiff sought amendment in June 2026—more than a year after the pleading deadline and after summary-judgment briefing and argument. Rule 16(b)

requires diligence, not a late realization that an unpleaded theory may be useful after summary judgment has been heard.

The Eighth Circuit is clear: if there is no change in law, no new facts, or other changed circumstance after the amendment deadline, there is no good cause. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935 (8th Cir. 2012). Plaintiff cannot identify any post-deadline change in law, newly discovered fact, or changed circumstance. The promotion facts were known and included in the Complaint as race discrimination  allegations. The EEOC Charge included the retaliatory failure to promote theory. Plaintiff's new theory relabels the same failure-to-promote events but relabels them as retaliation events. Post-deadline amendments are properly denied where the movant knew the basis for the proposed claim earlier. *Barstad v. Murray Cnty.*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming denial where plaintiffs knew of claims when they filed the original complaint); *Sherman*, 532 F.3d at 717–18 (finding no good cause where the movant was aware of the basis for amendment earlier); *Hartis*, 694 F.3d at 948 (same).

The note Plaintiff now emphasizes does not establish diligence. The note was disclosed in discovery well before the June 12, 2025 amendment deadline. Plaintiff therefore cannot characterize it as a post-deadline discovery that justified waiting until June 2026 to seek leave to amend. And even if the Court considered only Plaintiff's motion, Plaintiff admits that the note was found before the October 7, 2025 deposition and that counsel "just assumed" the Complaint already included the proposed retaliation claim. Doc. 42 at 12 n.2. But the Eighth Circuit focuses on the movant's diligence. *Sherman*, 532 F.3d at 716–17; *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786–87 (8th Cir. 2014). In the absence of good cause, a district court abuses its discretion by allowing amendment after the scheduling order deadline. *Midwest Med. Sols., LLC v. Exactech*

*U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024). A mistaken assumption about one's own pleading is not diligence.

*Midwest Medical Solutions* is instructive. There, the Eighth Circuit affirmed denial of amendment where the movant could have pleaded the claim earlier and the asserted changed circumstance did not make the earlier pleading impossible. 95 F.4th at 609–10. The court reiterated that Rule 16(b)'s stricter standard applies after court-imposed deadlines, that diligence is the primary measure of good cause, and that a party is responsible for pleading its case without the court's assistance. *Id*. at 609–10. The same principle applies here. Plaintiff knew the failure-to-promote facts, had the note, and had the opportunity to plead the theory before the deadline. Plaintiff sets forth no facts that can meet the good cause requirement for leave to amend after the scheduling order deadline.

## II.    Paragraph 33 of Defendant's Statement of Undisputed Material Facts concerns the pleaded discrimination claim, not an unpleaded retaliation claim.

Plaintiff's motion, in arguing Defendant implicitly agreed to the proposed amendment, relies heavily on paragraph 33 of Defendant's Statement of Undisputed Material Facts. That reliance misreads the purpose and substance of the paragraph. Paragraph 33 states:

> In June 2020, Director Garrity did make the statement that North would never be promoted to an analyst position because of her constant negativity and poor attitude. Until North's behavior changed, Director Garrity would not reward her with a promotion. A similar statement was made with regards to Whitney Alexander, a project employee who also displayed a poor attitude and was combative in workplace situations. Alexander was an excellent editor, and, while there were open editor positions within BLR, Alexander was not going to be hired into an open editor position. Alexander is a white female. In addition, BLR employee Megan Condran applied for a position in a different division within BLR. Condran, while an excellent editor, had a history of negative interactions with her supervisor. When the hiring supervisor advised Director Garrity that she had selected Condran for the vacant position, Director Garrity advised the supervisor that Condran was not a good candidate for the position. Condran is a white female. BLR employee Leah Headley was selected for the position instead. Headley is a black female that had

less tenure at BLR than Condran, less professional experience than Condran, and only possessed a Bachelor's degree. *Id*., ¶ 33

Doc. 18, ¶ 33.

That language does not concede, try, or create a retaliatory-failure-to-promote claim. It states a legitimate, nondiscriminatory reason why Director Garrity would not promote North to an analyst position: "constant negativity and poor attitude." *Id*. It then identifies employees outside Plaintiff's race who were treated consistently based on similar workplace concerns, including Whitney Alexander and Megan Condran, both white females, and notes that Leah Headley, a black female with less tenure and experience than Condran, was selected instead. *Id*. The paragraph is race-comparator evidence and nondiscriminatory-reason evidence. It goes directly to the pleaded race-discrimination failure-to-promote claim and Defendant's defense to that claim.

Retaliation is different. Retaliation requires a materially adverse action linked to protected conduct. *Young-Losee v. Graphic Packaging Int'l, Inc.*, 631 F.3d 909, 912–13 (8th Cir. 2011). Direct evidence of retaliation must show a "specific link" between the adverse action and the protected conduct. *Id*. at 913. Paragraph 33 does not mention protected EEO activity, a discrimination complaint, the February 17, 2023 internal complaint, or any causal link between protected activity and a denial of promotion. It discusses workplace behavior, attitude, and consistency across employees of different races. That is why paragraph 33 is relevant to the discrimination claim—not a retaliation claim.

Plaintiff's contrary argument would convert any summary-judgment fact about a pleaded adverse employment action into implied amendment of the Complaint to add any unpleaded legal theory concerning that action. Eighth Circuit law does not permit that. "New claims are properly raised through amended complaints, not opposition briefs." *InfoDeli*, 136 F.4th at 801 n.6. And a

court need not consider a new theory at summary judgment where it was not raised in the operative complaint. *Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 877–78 (8th Cir. 2020).

### III.    Plaintiff may not add a new claim through summary-judgment briefing or a summary-judgment hearing.

Plaintiff's motion confirms that the proposed failure-to-promote retaliation theory was not pleaded. Doc. 42 at 7, 12 n.2. The proper way to add a new claim is a timely amended complaint, not an opposition brief, a statement at a hearing, or an argument that Defendant should have guessed the unpleaded theory from facts relevant to a pleaded claim.

The Eighth Circuit recently stated the rule plainly: "New claims are properly raised through amended complaints, not opposition briefs." *InfoDeli*, 136 F.4th at 801 n.6. In *Richardson*, the Eighth Circuit likewise held that a district court need not consider a new legal theory raised at the summary-judgment stage when it was not adequately pleaded in the complaint. 957 F.3d at 877-78. And in *Northern States Power Co. v. Federal Transit Administration*, the Eighth Circuit held that parties may not "manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment." 358 F.3d 1050, 1057 (8th Cir. 2004).

That is precisely what Plaintiff seeks to do here. The Complaint pleaded retaliation based on termination. The case proceeded through discovery and summary judgment on that basis. Only after the Court asked whether the Complaint pleaded retaliatory denial of promotion and opined that it was likely to grant Defendant's motion for summary judgment did Plaintiff seek to amend. Rule 16(b) prevents this sort of moving target and preserves the meaning of scheduling orders. *Sherman*, 532 F.3d at 716.

**IV.    Rule 15(b) does not apply, and there was no express or implied consent to amend after the deadline set by the Court's scheduling order.**

Plaintiff invokes Rule 15(b), but Rule 15(b) concerns issues tried by consent. This case has not been tried. It is at the summary-judgment stage. The controlling framework is Rule 16(b), followed by Rule 15(a). *Sherman*, 532 F.3d at 715–16; *Popoalii*, 512 F.3d at 497.

Even when Rule 15(b)(2) applies, implied consent requires that the unpleaded issue actually be tried by consent—such as where a party had actual notice and an adequate opportunity to cure surprise, or where evidence relevant to the unpleaded issue was introduced at trial without objection. *Sanders v. Union Pac. R.R. Co.*, 108 F.4th 1055, 1058–59 (8th Cir. 2024) (*citing Trip Mate, Inc. v. Stonebridge Cas. Ins. Co.*, 768 F.3d 779, 784–85 (8th Cir. 2014)). Those circumstances are absent here. There has been no trial. Defendant did not consent to try a new retaliation theory. And Defendant's reliance on paragraph 33 in support of summary judgment on pleaded claims does not amount to consent to addition of a new retaliation claim at this late stage of the case. When evidence is relevant to a pleaded claim and an unpleaded claim, introduction of the evidence may not be used to support proposed amendment. *Pariser v. Christian Health Care Sys., Inc.*, 816 F.2d 1248, 1253 (8th Cir. 1987). "Implied consent is presumed only when the parties understood the evidence to be aimed at the unpleaded issue." *Brand v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 934 F.3d 799, 803 (8th Cir. 2019)

Nor did Defendant waive its objection by not treating the unpleaded theory as a claim in summary-judgment briefing. Defendant was entitled to move for summary judgment based on the operative Complaint. When Plaintiff tried to inject an unpleaded claim through briefing and later at the hearing, Defendant was not required to litigate a claim that was not in the case. *InfoDeli*, 136 F.4th at 801 n.6.

9

## V.      Rule 15(a) facts independently warrant denial.

Even if Plaintiff could satisfy Rule 16(b), the Rule 15(a) factors support denial. First, the delay is undue. Plaintiff had the retaliatory failure-to-promote facts before filing suit. The note was disclosed in discovery well before the deadline to amend pleadings. Plaintiff's own motion admits that the issue was known by October 7, 2025, at the latest, yet Plaintiff waited until after summary-judgment argument to seek amendment. Doc. 42 at 8, 12 n.2. The Eighth Circuit has affirmed denial where the movant delayed despite knowing the factual basis for amendment. *Kmak*, 873 F.3d at 1034–35; *Barstad*, 420 F.3d at 883; *Sherman*, 532 F.3d at 717–18.

Second, amendment would prejudice Defendant. A failure-to-promote retaliation claim is not merely a new label. It requires proof and defense concerning protected activity, decisionmaker knowledge, causation, timing, and retaliatory motive. Defendant litigated discovery and summary judgment based on the pleaded claims. Allowing amendment now would require reopening discovery, revisiting summary judgment, and delaying final resolution.[1] In *Kmak*, the Eighth Circuit affirmed denial of amendment where the new claims were legal variations on issues litigated for years and the movant's explanations did not establish the diligence and good cause necessary to extend the case on the eve of summary judgment. 873 F.3d at 1034–35. The same result is appropriate here.

Finally, the record supports a finding of dilatory motive or, at minimum, a litigation strategy that would unfairly shift the target after Defendant's dispositive motion was fully submitted. Plaintiff's motion concedes that counsel "just assumed" the Complaint included the

---

[1] Plaintiff asserts there would be no need to reopen discovery. However, counsel for Defendant did not exhaust exploration of an alleged retaliatory failure to promote claim during Plaintiff's deposition. At minimum, a second limited scope deposition would need to be allowed so that Defendant can adequately defend the claim. In fact, a review of the deposition excerpt attached to Plaintiff's Motion for Leave shows that when Plaintiff stated she believed she was not hired because she complained about discrimination and unfairness based on race, Defendant's counsel immediately moved on which makes sense because the retaliatory failure to promote claim is not a part of the case. Doc. 42-1, pg. 3 (pg. 38, ln. 14-20).

theory. Doc. 42 at 12 n.2. To be clear, Defendant is not arguing Plaintiff or her counsel engaged in bad faith or misconduct, but the Court need not find subjective bad faith to deny amendment. Undue delay, lack of diligence, prejudice, and futility are independently sufficient. *Sherman*, 532 F.3d at 715–18; *Kmak*, 873 F.3d at 1034–35.

## VI.      Alternatively, any amendment should be conditioned on procedures that cure prejudice to Defendant.

Defendant asserts the motion should be denied. If the Court permits any amendment, Defendant requests the Court require Plaintiff to file a proposed amended complaint that complies with the Court's scheduling order by setting forth changes in redline, reopen discovery limited to the new claim, permit Defendant to file a supplemental dispositive motion, and reset any remaining deadlines as necessary. Those measures would not cure the lack of good cause to amend, but would be necessary to avoid unfair prejudice if the case is expanded at this late stage.

## CONCLUSION

Plaintiff has not shown good cause under Rule 16(b), and the Rule 15(a) factors independently weigh against amendment. Paragraph 33 of Defendant's Statement of Undisputed Material Facts concerns the pleaded discrimination claim and Defendant's nondiscriminatory explanation for promotion decisions; it does not concede or try an unpleaded retaliation claim. Plaintiff's Motion for Leave to Amend should be denied.

11

Respectfully submitted,


TIM GRIFFIN
Attorney General

Carl F. "Trey" Cooper, III
Ark Bar No. 2007294
Senior Assistant Attorney General
Office of the Arkansas Attorney
General 323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:      (501) 682-2591
Email:  trey.cooper@arkansasag.gov

*Attorneys for Defendant, Bureau of
Legislative Research*